**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

No. 06-1173

─────────

MARIAMA DIALLO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

─────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-193-264)

─────────

Submitted: September 27, 2006          Decided: November 8, 2006

─────────

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

─────────

Petition denied by unpublished per curiam opinion.

─────────

Danielle Beach-Oswald, NOTO & OSWALD, EMPLOYMENT LAW GROUP, P.C., Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Cindy Ferrier, Senior Litigation Counsel, R. Alexander Goring, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mariama Diallo, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Diallo challenges the Board's finding that her testimony was not credible and that she otherwise failed to meet her burden of proof to qualify for asylum. We will uphold a negative credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Diallo failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

Similarly, because Diallo does not qualify for asylum, she is also ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Finally, substantial evidence supports the finding that Diallo fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Diallo failed to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED